031506Nf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

PATRICIA ANN TUEL,　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　　　)　　　No. C 05-173-EJM
　　　　　　　　　　　　　　　　　　　　　　)
　vs.　　　　　　　　　　　　　　　　　　　 )　　　ORDER
　　　　　　　　　　　　　　　　　　　　　　)
SHAWVER WELL CO. INC., SHAWVER WELL　 )
CO. INC. HOSPITAL AND HEALTH BENEFITS )
PLAN, and WELLMARK BLUE CROSS BLUE　 )
SHIELD OF IOWA,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　　　　)

This matter is before the court on defendant Wellmark Blue Cross Blue Shield's (Wellmark) resisted Motion to Dismiss, filed December 27, 2005, and on a resisted Partial Motion to Dismiss filed by defendant Shawver Well and Shawver Well Co. Hospital and Health Benefits Plan (Shawver) on December 28, 2005. Granted.

Plaintiff, a resident of Monticello, Iowa, brings this action against defendant Shawver, a corporation doing business in Fredricksburg, Iowa, and Wellmark, an insurance company doing business in Iowa, to recover claimed benefits due under a hospital and health benefits plan (Plan) through Wellmark under the Employee Retirement Income Security Act (ERISA), 29 USC §1132(a)(1)(b). Plaintiff also seeks damages under the ERISA for breach of fiduciary duty. The court has jurisdiction pursuant to 28 USC §1331.

In Count 1, plaintiff seeks payment of hospital and health benefits retroactive to

1

January 1, 2005, through February 28 ,2005.  In Count 2, plaintiff seeks equitable relief for defendants' alleged breach of fiduciary duty.  In Count 3, plaintiff seeks damages and/or equitable relief for claimed violations of the Health Insurance Portability and Accountability Act, 29 USC §1182(a)(1).

Defendants seek dismissal of Count 2.  In Count 2, plaintiff asserts that defendants breached their fiduciary duty under 29 USC §1104 by failing to notify her of the retroactive termination of her benefits until after she received prior approval for certain treatment, and received that treatment, incurring expense therefor.  Additionally, plaintiff urges that Shawver breached its fiduciary duty to act in a prudent manner regarding plan administration when it notified her that her insurance was canceled because it caused Shawver's premiums to increase.  Further, plaintiff urges that Shawver breached its fiduciary duty when it misrepresented that the coverage would continue through February, 2005.  For relief on Count 2, plaintiff seeks reinstatement of the insurance coverage for the period from January 1, 2005 through February 28, 2005 and the granting of benefits plaintiff seeks, or alternatively, a remedy of "appropriate equitable relief so that defendants are required to bear the consequences of violation of the fiduciary duties owed [plaintiff] such as the denial of any deference to which [defendants'] decision might otherwise receive based on policy language...."

Defendants seek dismissal of Count 2 for failure to state a claim upon which relief can be granted.  In support, defendants assert that plaintiff's claim on Count 2 is brought

2

under 29 USC §1132(a)(3)(B), and that while §1132(a)(3)(B) provides for equitable relief, plaintiff's claim is essentially a claim for benefits, which is not an appropriate form of equitable relief. In support, Wellmark cites Hall v. Lahco, 140 F3d 1190 (8th Cir. 1998), for the proposition that an ERISA claim for breach of fiduciary duty under 29 USC §1132(a)(3)(B) is precluded if the relief sought may be obtained by pursuing a claim for benefits. Wellmark further objects that plaintiff's alternative claim "for any other appropriate equitable relief" is so vague as to not put defendants on notice of plaintiff's claim.

"Beneficiaries of ERISA plans may sue for breaches of fiduciary duties under 1132(a)(3), but the remedies they may seek in such an action are limited by the language of the statute to traditionally available equitable remedies." Calhoun v. Trans World Airlines, Inc., 400 F3d 593, 596 (8th Cir. 2005) (citations omitted). "Monetary damages that are compensatory in nature are traditionally considered to be legal relief...." Id. When a beneficiary seeks what was supposed to have been paid under a plan, "the appropriate remedy is a claim for denial of benefits under [29 USC §1132(a)(1)(B)] rather than a breach of fiduciary duty claim under [29 USC §1132(a)(3)]." McCall v. Burlington Northern/Santa Fe Company, 237 F3d 506, 512 (5th Cir. 2000).

The court is satisfied that the remedy sought by plaintiff in Count 2 is a legal remedy which may be obtained upon the successful prosecution of a claim for benefits under 29 USC §1132(a)(1)(B), and accordingly, in light of the foregoing authorities, Count 2 shall be dismissed.

It is therefore

Ordered

Granted. Dismissed as to Count 2.

March 27, 2006.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT